IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORENZO ALLEN THOMAS, | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-00570** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| PICKAWAY COUNTY, et al., | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motions to Strike (ECF Nos. 26, 37) and Plaintiff's Rule 72 Objections (ECF No. 38) to the Magistrate Judge's November 10, 2025, Order (ECF No. 34) retracting the July 18, 2025, Report and Recommendation (ECF. No. 8). The Report and Recommendation granted Plaintiff's Motion to Amend (ECF No. 30) and ordered Plaintiff to file his Second Amended Complaint, completed summons, and U.S. Marshal forms within seven (7) days. It also denied without prejudice Plaintiff's Motion for the Issuance of a Subpoena and a Preservation Order (ECF No. 33). For the reasons set herein, Plaintiff's Motions to Strike are **DENIED** as **MOOT** (ECF Nos. 26, 37) and Plaintiff's Rule 72 Objections (ECF No. 38) are **OVERRULED**. Accordingly, the Magistrate Judge's Order is **AFFIRMED**. (ECF No. 34).

## I.    BACKGROUND

On May 21, 2025, Plaintiff initiated this action by filing a *pro se* Complaint. (ECF No. 1), raising issues related to a child custody petition in the Pickaway County Court of Common Pleas Juvenile Court, a subsequent investigation, and the deprivation of Plaintiff's parental rights for six months. (*Id.*). Plaintiff initially brought suit against Pickaway County ("the County"), Pickaway County Department of Jobs and Family Services ("PJFS") – Children Services Division, and

various PJFS employees. (*Id.*). After an initial screen of Plaintiff's Complaint, the Magistrate Judge construed the Complaint as alleging various violations of 42 U.S.C. § 1983, and recommended dismissal of all claims except a substantive due process claim against social worker Amy Holly. (ECF No. 8). Later developments revealed that neither the County nor PJFS employed or ever had employed anyone by the name of Amy Holly. (ECF No. 34 at 2).

Plaintiff asked the Court if he could amend his Complaint, stating that he had learned the Defendant's correct name and would correct the factual error in the filing. (ECF No. 24). Plaintiff attached the would-be Amended Complaint to the motion, though the amended version still mentioned Amy Holly. (ECF Nos. 24-1; 24 at 7). Plaintiff was granted leave to amend, along with the warning that he must correct the names of the wrongly identified Defendants and file a clean copy of his First Amended Complaint within one week. (ECF No. 27).

The next day, Plaintiff sought leave to amend again and attached a Second Amended Complaint that was "substantially different from his First Amended Complaint." (ECF Nos. 30; 34 at 2). Plaintiff disagrees with the characterization that his Second Amended Complaint is "substantially different," but rather asserts that it arises from "new developments" in Defendants' Answer. (ECF No. 38 at 3). He contends that the newer version of the Complaint adds factual details and makes corrections to support Plaintiff's claims better. (ECF Nos. 30 at 1; 34 at 3).

Considering this history, the Magistrate Judge issued an Order retracting its July 18 Report and Recommendation. The Order additionally denied as moot Plaintiff's Motion to Strike Objection and for Leave to File Amended Objection (ECF No. 16), granted Plaintiff's Motion to Amend (ECF No. 30), and directed Plaintiff to file his Second Amended Complaint, completed summons, and U.S. Marshal forms within seven (7) days. (ECF No. 34 at 7–8). The Magistrate Judge also denied

without prejudice Plaintiff's Motion for the Issuance of a Subpoena and a Preservation Order. Plaintiff now contests the Magistrate Judge's Order and requests this Court's review. (ECF No. 38).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Indeed, "the clearly erroneous standard applies to factual findings by the magistrate judge" in light of the considerable deference that Rule 72(a) provides to the determinations of magistrates. Fed. R. Civ. P. 72(a); *Hunter v. Booz Allen Hamilton, Inc.*, 2021 WL 2410378, at *2 (S.D. Ohio June 14, 2021) (Marbley, J.) (internal quotation marks omitted). A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a magistrate judge's legal conclusions only when those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks and citation omitted).

## III.     LAW AND ANALYSIS

### A.     Rule 72 Objections

Plaintiff objects to the November 10, 2025, Order on three grounds: (1) that the order misapplies FRCP 15(a)(2) and ignores good cause for granting leave to amend; (2) that the order erroneously imposes a stay and status report; and (3) that the order overlooks *pro se* leniency standards and the case merits. (ECF No. 38).

### Objection 1: Misapplication of Rule 15(a)(2)

Rule 15(a)(2) states that "[i]n all other cases [not covered by Rule 15(a)(1)], a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff presents case law citing the rule and adding that courts must grant leave to amend "when justice so requires" and absent prejudice, undue delay, or futility. (ECF No. 38 at 3).

Based on Plaintiff's objection, it appears that he believes that the November 10, 2025, Order prevents him from filing an amended complaint by denying his Motion to Amend (ECF No. 30). This is not the case. On the contrary, the Magistrate Judge instructed Plaintiff to file his Second Amended Complaint within seven days of the issuance of the Order. (ECF No. 34 at 8). This Court agrees with the Magistrate Judge's decision to grant leave to amend and emphasizes that Plaintiff must take efforts to correct factual errors including misidentifying Defendants, specifically removing all references to Amy Holly. This Court finds that the Magistrate Judge correctly permitted Plaintiff to amend his Complaint. As such, Plaintiff's objection is **OVERRULED**.

### Objection 2: Erroneous Imposition of Stay and Status Report

Plaintiff argues that staying the case halts progress on meritorious claims, thereby prejudicing Plaintiff. (*See* ECF 38-1 at 5). He further notes that "[n]o rule or local practice requires a status report for unopposed amendments." (ECF No. 38 at 4). The November 10, 2025, Order, however, makes no mention of a stay or status report. On the contrary, the Magistrate Judge explains the preliminary determination "that Plaintiff's claims may proceed at this juncture" although there has not been any ruling on the merits of the claims. (ECF No. 34 at 5). There is no clear basis for Plaintiff's objection, and it is therefore **OVERRULED**.

**Objection 3: *Pro Se* Leniency Standards and the Case Merits**

Plaintiff argues that the November 10, 2025, Order fails to afford Plaintiff's filings the leniency given to *pro se* pleadings, which he claims are "held to 'less stringent standards.'" (ECF No. 38 at 4). He argues that dismissing amendments without an analysis of the merits ignores plausible claims and risks "[m]anifest [i]njustice." *Id.* While the order requires Plaintiff to submit the Second Amended Complaint within seven days, it does not dismiss the Complaint or the amendments outright. (*See* ECF No. 34 at 5). It instructs Plaintiff to resolve the errors he had already been told to correct, including the errors of misnaming Defendants. (ECF No. 34 at 4). This objection too appears to be based on a misunderstanding of the November 10, 2025, Order and is accordingly **OVERRULED**.

### B.  Motion to Strike

Given that Plaintiff has been granted leave to file a Second Amended Complaint, this Court **DENIES** as **MOOT** Plaintiff's Motions to Strike exhibits attached to the Answer to the Complaint (ECF No. 21), the Amended Document (ECF No. 23), and the Answer to the Amended Complaint (ECF No. 32). (ECF Nos. 26, 37).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Strike are **DENIED as MOOT** (ECF Nos. 26, 37) and Plaintiff's Rule 72 Objections (ECF No. 38) are **OVERRULED**. Accordingly, the Magistrate Judge's November 10, 2025, Order is **AFFIRMED**. (ECF No. 34).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 2, 2025**